```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RICHARD A. POPLAWSKI             :        CIVIL ACTION
                                 :
     V.                          :
                                 :
JAYMMIE M. VILARINO, et al.      :        NO. 21-3084
```

MEMORANDUM

Bartle, J.                                        March 10, 2022

        Plaintiff Richard Poplawski, acting pro se and proceeding in forma pauperis, brings this action for a declaratory judgment under 42 U.S.C. § 1983 that the Pennsylvania Protection from Abuse Act ("PFA Act"), 23 Pa. Cons. Stat. §§ 6101 et seq., violates his right to due process under the Fourteenth Amendment.  Pennsylvania Attorney General Josh Shapiro and an unidentified "stand-in" official "responsible for enforcing" the PFA Act are named as defendants.  Poplawski has also sued his estranged wife Jaymmie Vilarino from whom he seeks damages.  After the Attorney General filed a motion to dismiss, plaintiff filed an amended complaint.  The court then denied the motion to dismiss as moot.

        Now before the court is the motion of the Attorney General to dismiss Poplawski's amended complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The court will also conduct a sua sponte screening of the

amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as to the remaining defendants.

I

Under Rule 12(b)(1), a defendant may seek to dismiss a claim that "on its face . . . is insufficient to invoke the subject matter jurisdiction of the court." Const. Party of Pa. v. Aichele, 757 F.3d 347, 358 (3d Cir. 2014). In reviewing a facial attack to subject-matter jurisdiction, "the court must only consider the allegations of the complaint . . . in the light most favorable to the plaintiff." Id. (citation omitted).

Under Rule 12(b)(6), a defendant may seek to dismiss a complaint when it fails to state a claim upon which relief can be granted. The court applies the same standard as that applicable to a facial attack to subject-matter jurisdiction under Rule 12(b)(1). See id. Accordingly, the complaint must be dismissed if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

Under § 1915(e)(2)(B)(ii), the court screens the complaint of a plaintiff proceeding in forma pauperis to determine whether it should be dismissed "for failure to state a claim upon which relief may be granted." Whether a complaint fails to state a claim under that subsection is governed by the

same standard applied to motions to dismiss under Rule 12(b)(6). See, e.g., Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

As Poplawski is proceeding pro se, the court construes his allegations liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

II

The relevant facts set forth in the amended complaint are taken in the light most favorable to Poplawski. At all relevant times he has been a state prisoner incarcerated at SCI-Phoenix in Pennsylvania. In June of this year, Poplawski's wife, Jaymmie Vilarino, petitioned the Montgomery County Court of Common Pleas for a protection from abuse ("PFA") order pursuant to the PFA Act. The state court entered a temporary PFA order the same day. The order prevented Poplawski from, among other things, contacting Vilarino and her son. Meanwhile, Poplawski filed a motion seeking a declaration that the PFA Act is unconstitutional.

In July, the state court held a hearing on the merits of the PFA order. Poplawski appeared via videoconference while Vilarino did not appear. The court accordingly dismissed Vilarino's petition and denied as moot Poplawski's motion concerning the constitutionality of the PFA Act. Poplawski appealed the denial of his motion to the Superior Court of

Pennsylvania, which quashed the appeal for lack of jurisdiction. He has since petitioned the Supreme Court of Pennsylvania for discretionary allowance of appeal.

III

Poplawski's claim for declaratory relief against the Attorney General must be dismissed because it is moot and therefore nonjusticiable under Article III of the United States Constitution. "[A] case is moot if developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief." Hamilton v. Bromley, 862 F.3d 329, 335 (3d Cir. 2017) (internal quotation marks and citation omitted). Our Court of Appeals held that a state family court's dissolution of a temporary restraining order rendered the constitutional challenge to the anti-harassment statute moot. Malhan v. Att'y Gen. New Jersey, 848 F. App'x 517, 520 (3d Cir. 2021). As in Malhan, Poplawski is no longer subject to the PFA order and thus "is not suffering any current injury for which [the court] can grant relief." Id. Accordingly, the state court rendered moot Poplawski's request for declaratory relief when it dissolved the PFA order of which Poplawski complains.

It is also apparent that no exception to the mootness doctrine saves Poplawski's request for declaratory relief. The

voluntary cessation exception does not apply because Poplawski has not alleged the state defendants are "responsible for the cessation." Id.  Poplawski acknowledges the PFA order was vacated because Vilarino did not appear at the hearing.

Poplawski's asserted injury also is not "capable of repetition yet evading review."  To invoke that mootness exception, Poplawski must allege a "reasonable expectation that [he] will be subject to the same action again."  Hamilton, 862 F.3d at 335 (citation omitted).  There is simply no basis in Poplawski's amended complaint from which the court could reasonably conclude that he would be subject to a PFA order another time.  To suggest otherwise would be too speculative as it would require Poplawski to engage in conduct that causes Vilarino to petition for a PFA order, which the state court grants.  Cf. id. at 336.  Poplawski's amended complaint does not set forth allegations that show a "likelihood of a similar chain of events" playing out in the future.  Id.; see also Malhan, 848 F. App'x at 520.

There is no live case or controversy between Poplawski and the Attorney General.  Accordingly, the court will grant the Attorney General's motion to dismiss Poplawski's amended complaint as to him under Rule 12(b)(1) for lack of subject-matter jurisdiction.

IV

The Attorney General argues in the alternative that he is not a proper defendant under the Eleventh Amendment. A state official sued in an official capacity is generally entitled to immunity under the Eleventh Amendment. There is an exception to this immunity for suits against state officials that seek prospective relief to end an ongoing violation of federal law. Ex Parte Young, 209 U.S. 123, 155-60 (1908). However, the Ex Parte Young only strips the immunity of an official who has "some connection with the enforcement" of the challenged law. Id. at 157.

Here, the Attorney General lacks any connection to the "offending conduct in question." Doe v. Wolf, Civ. A. No. 16-6039, 2017 WL 3620005, at *11 (E.D. Pa. Aug. 23, 2017). Only private individuals are authorized to commence proceedings under the PFA Act, which is what Vilarino did here. See 23 Pa. Cons. Stat. § 6106(a). Indeed, Poplawski notes in his complaint that the Attorney General was not involved with the PFA proceeding in any way. Poplawski argues instead that he may sue the Attorney General under the Ex Parte Young exception because the Attorney General "is responsible for enforcing the constitutionally defective statute against the plaintiff . . . and has the obligation to uphold and defend the constitutionality of Pennsylvania statutes." Poplawski's assertion is without merit.

Our Court of Appeals has said that state officials' "general duty to uphold the laws of Pennsylvania, standing alone, will not suffice to render them proper defendants" under the Ex Parte Young exception. 1st Westco Corp. v. Sch. Dist. of Philadelphia, 6 F.3d 108, 115 (3d Cir. 1993). As the Attorney General lacks any connection to the PFA Act proceedings of which Poplawski complains, the Attorney General is immune from this suit under the Eleventh Amendment.

V

Vilarino has not yet been served with the amended complaint. The court, however, may review Poplawski's claim against her sua sponte. See § 1915(e)(2)(B)(ii).

Poplawski's claim against Vilarino must be dismissed because Vilarino may not be sued under 42 U.S.C. § 1983. Section 1983 authorizes suits against persons acting "under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). A private individual like Vilarino generally does not act under color of state law. There is a limited exception to this principle in which a private individual acts under color of law by "follow[ing] . . . state-created procedures that either delegate the State's authority to him or allow him to invoke it in such a way that agents of the State automatically (i.e., without exercising judgment) exercise it on his behalf." Mikhail v. Kahn, 991 F. Supp. 2d 596, 653 (E.D. Pa. 2014)

(citing Edmonson v. Leesville Concrete Co., 500 U.S. 614 (1991); Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982)).  However, this exception does not apply here because the PFA Act delegates no such authority:

> The Protection from Abuse Act provides that "[i]f a plaintiff petitions for temporary order for protection from abuse and alleges immediate and present danger of abuse to the plaintiff or minor children, the court shall conduct an ex parte proceeding." 23 Pa. Cons. Stat. Ann. § 6107. Put another way, a PFA petitioner does not have an automatic entitlement to relief, but must instead subject herself to a hearing before a judge, whose discretion, far from being "enlisted," "invoked," or "directed," makes an independent determination following a hearing that, while it can be said to be state action, can no longer be said to be the action of the private actor.

Id. at 655.  Instead, Poplawski seeks damages from Vilarino for "merely resorting to the courts and being on the winning side" at least for a short time with respect to her request for a temporary PFA order.  Id. at 654 (quoting Dennis v. Sparks, 449 U.S. 24, 28 (1980)).  That action does not make her a state actor for the purposes of § 1983.

The court will therefore sua sponte dismiss Poplawski's amended complaint against Vilarino for failure to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii).

VI

The court will likewise dismiss sua sponte Poplawski's claim for declaratory relief against the unidentified state official responsible for enforcing the PFA Act under § 1915(e)(2)(B)(ii).  The court does not have subject-matter jurisdiction over this defendant.  Like the claim asserted against the Attorney General, this claim is moot and therefore nonjusticiable.

VII

The court will decline to grant Poplawski any further leave to amend his complaint.  The court need not give a § 1983 plaintiff an opportunity to file an amendment if "doing so would be inequitable or futile." Mullin v. Balicki, 875 F.3d 140, 151 (3d Cir. 2017) (citation omitted).  Granting Poplawski leave to amend his complaint again would be futile because new allegations could not state any case or controversy against the Pennsylvania Attorney General or the unnamed state official, draw a connection between his PFA Act proceedings and the Attorney General, or render Vilarino a proper defendant under § 1983.